FILED
MAY - 6 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Virgil Lamar Maddox, ) | |
| ) | |
| Plaintiff, ) | Case: 1:15-cv-00694 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 5/6/2015 |
| ) | Description: Pro Se Gen Civil |
| Gary Randall Williams, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a Georgia state prisoner suing his former attorney based in Rome, Georgia, for $10 million. *See* Compl. at 4 (claiming, among other wrongs, malpractice and negligence). The complaint does not present a viable federal question under 42 U.S.C. § 1983 because "[a] criminal defense attorney, whether public or private, does not act under color of state . . . law in providing a criminal defense." *McIntyre v. District of Columbia*, 716 F. Supp. 2d 7, 11 (D.D.C. 2010) (citing

*Polk County v. Dodson*, 452 312, 325 (1981)). And diversity jurisdiction is wanting because, from the face of the complaint, both parties reside in Georgia.

Moreover, to the extent that plaintiff is asserting a claim of ineffective assistance of counsel, his remedy lies in habeas under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Nothing in the instant complaint establishes habeas jurisdiction in this Court. Hence, this case will be dismissed.

DATE: \_\_\_\_4/30\_\_\_\_, 2015

_____
United States District Judge